NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 04-3157

DAVID M. BERNHARD,
                           Appellant

v.

NEXSTAR BROADCASTING GROUP, INC., D/B/A WJET-TV;
NEXSTAR BROADCASTING OF ERIE, INC.; NEXSTAR BROADCASTING
OF ERIE, L.L.C; NEXSTAR BROADCASTING OF ERIE, L.P.;
NEXSTAR COMMUNICATIONS, INC.

Appeal from the United States District Court
for the Western District of Pennsylvania
(Civ. No. 02-cv-00048-E)
District Court: Hon. Sean J. McLaughlin

Argued: May 4, 2005

Before: McKEE, VAN ANTWERPEN and WEIS, Circuit Judges

(Opinion Filed August 31, 2005)

Timothy D. McNair, Esq. (Argued)
Law Offices of Timothy D. McNair
821 State Street
Erie, PA 16501

    Counsel for Appellant

Martin J. Saunders, Esq. (Argued)
Jackson Lewis
One PPG Place, 28th Floor
Pittsburgh, PA 15222

    Counsel for Appellees

1

OPINION

McKEE, Circuit Judge.

David Bernhard appeals the District Court's order granting summary judgment in favor of Nexstar Broadcasting Group, Inc. and dismissing the Complaint Bernhard filed under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* (2000) (the "ADEA") and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* (1991). For the reasons that follow, we will affirm.

I.

Since we write primarily for the parties who are familiar with this dispute, we need not repeat its factual or procedural background except insofar as may be helpful to our brief discussion.

Our review of the District Court's Memorandum Order granting Nexstar's Motion for Summary Judgment is plenary. Kelly v. Drexel Univ., 94 F.3d 102 (3d Cir. 1996). Summary judgment may only be granted when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry its burden of persuasion at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1996). The nonmoving party creates a genuine issue of material fact if sufficient evidence is provided to allow a

reasonable jury to find for that party at trial. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

Bernhard argues the following: 1) Nexstar's justification for terminating him on the grounds of his high salary was "newly manufactured"; 2) the District Court erroneously adopted the "honest belief" rule; and 3) the District court erred in finding that he did not present sufficient evidence to permit a reasonable factfinder to determine that the proffered reason for terminating him was unworthy of credence.

The order of proof under the ADEA mirrors that which is used in a discrimination action under Title VII. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Rodriguez v. Taylor, 569 F.2d 1231, 1239 (1977). Thus, Bernhard must first establish a prima facie case of age discrimination by proving: (1) he is within the protected age group of 40-70; (2) he was the subject of an adverse employment action; (3) he was qualified for the position in question; and (4) younger employees were treated more favorably. Proof of a prima facie case raises an inference of discrimination, and that inference has the force and effect of a rebuttable presumption. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981).

Nexstar does not dispute that Bernhard established a prima facie case of age discrimination, and the District Court presumed that Bernhard had met this burden. Accordingly, Nexstar had to articulate a legitimate, non-discriminatory reason for the adverse employment action. Burdine, 450 U.S. at 254. The employer need not persuade

3

the court that it was actually motivated by the proffered reasons, but need only raise a factual issue as to whether it discriminated against the plaintiff. Id. at 245-55, 253-56.

Nexstar stated that Bernhard was terminated because of his performance and high wages. App. 46. Bernhard alleges that the District Court made its first error in the second step of the ADEA burden-shifting analysis when it accepted high salary as one of Nexstar's legitimate, non-discriminatory justifications. Bernhard argues that Nexstar articulated high salary as a reason for termination "for the first time" in its Motion for Summary Judgment and accompanying Declaration of Christopher Huston, Bernhard's supervisor. He also claims that "high salary" does not constitute a legitimate non-discriminatory reason for selecting personnel for termination in a reduction in force.

Although it is somewhat unclear from the brief, Bernhard is apparently alleging that Nexstar had first claimed that his termination was based on his performance, and that a factfinder could look to Nexstar's "shifting" explanations for the termination as evidence of pretext. Bernhard also appears to allege that he did not have a full and fair opportunity to demonstrate the pretextual nature of this justification. However, such allegations would be somewhat misleading. Bernhard's contention that Nexstar introduced "high salary" for the first time in its Motion for Summary Judgment is belied by the record. Huston clearly said in his August 29, 2003, deposition, that salary was a consideration in Bernhard's termination. App. 150-51, 159. In addition, Louis Gattozzi, the General Manager of WJET-TV, stated in his deposition on August 29, 2003, that

4

salaries were part of the decision-making process for termination. App. 104. Nexstar's Motion for Summary Judgment was filed on October 22, 2003. Consequently, Bernhard had to have known for at least two months that his "high salary" was a factor in his termination. Moreover, a newspaper reporter quoted Bernhard as saying that his salary was a factor in his termination before Nexstar filed its response to the instant complaint. App. 73-74, 88, 331. Thus, there was no element of unfair surprise, and Bernhard's attempt to find pretext in Nexstar's "shifting" justifications is also unfounded.

It is true that Nexstar did not rely upon a "high salary" justification before the EEOC; rather, it focused on Bernhard's job performance. Still, Nexstar's Motion for Summary Judgment does not *change* the reason for terminating him from the reason previously articulated. Instead, it merely presents high salary as an additional reason for the decision. App. 46. We do not agree that a reasonable jury could view this assertion as "a shift in the defendants' position," as Bernhard claims.

Bernhard next argues that "high salary" is not a legitimate, non-discriminatory reason for terminating an employee. That argument is undermined by Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993). There, the Supreme Court noted that "an employee's age is analytically distinct from his years of service" and that employers therefore can take one factor into account while ignoring the other. Id. at 611. Thus, the Court held that a termination based on a factor related to length of service does not violate the ADEA because it is not necessarily "age-based." Id. Here, Bernhard's salary is analytically

distinct from his age, and therefore, could serve as a legitimate reason for terminating him under the Hazen Paper analysis.

Bernhard also avers that even if the District Court was correct in finding that Nexstar met its burden of providing a legitimate, nondiscriminatory reason for termination, the Court erred when it found that Bernhard did not meet his burden of proving that Nexstar's proffered reasons were actually a pretext for age discrimination.

Bernhard contends that District Court erroneously adopted the so-called "honest belief" rule set forth in Billups v. Methodist Hosp. Of Chicago, 922 F.2d 1300, 1304 (7th Cir. 1991), in this part of its analysis. That rule provides that the inquiry into the genuineness of the employer's proffered nondiscriminatory reason for terminating the employee "is limited to whether the employer's belief was honestly held." Id. at 1304.

In her discussion of Bernhard's failure to introduce sufficient evidence to discredit Nexstar's justification for terminating Bernhard, the Magistrate Judge concluded that Bernhard's reliance on his own sworn declaration to contradict Nexstar's view of his work performance did not raise an issue of pretext. She reasoned that "[Bernhard's] view of his performance is not at issue; what matters is the perception of the decision maker . . . . The fact that an employee disagrees with an employer's evaluation of him does not prove pretext." App. 14 (citing Billet v. CIGNA Corp., 940 F.2d 812, 825 (3d Cir. 1991)). The Magistrate Judge cited three additional cases, including Billups. Bernhard has seized on this reference to Billups in a "string cite," characterizing it as an erroneous "adoption"

6

of the "honest belief" rule. However, this string cite was the only mention of the Billups decision. The Magistrate Judge merely included it as support for her conclusion that Bernhard's own testimony as to his work performance is unavailing on the issue of pretext. As we explain below, that position is well-supported by our own precedent. We therefore disagree with his assertion that Magistrate Judge *adopted* the "honest belief" rule in her recommendation.

Lastly, Bernhard argues that the District Court erred when it found that he did not present sufficient evidence to permit a reasonable factfinder to determine that Nexstar's articulated reasons for terminating his employment were a pretext for unlawful discrimination. To discredit a legitimate reason proffered by an employer, an employee must present evidence demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence.'" Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994) (citation omitted). Bernhard argues that he presented such evidence.

He first notes that he has denied Nexstar's assertions that he failed to use a tripod, did not appropriately use "nat sound," and improperly edited stories. He then argues that his own denial of Nexstar's assertions should serve as evidence of pretext. As noted above, the fact that an employee disagrees with an employer's evaluation does not generally prove pretext. Billet, 940 F.2d at 825. Bernhard points out that in a later case,

Sempier v. Johnson & Higgins, 45 F.3d 724, 731 (3d Cir. 1995), we stated that

> Billet does not stand for the proposition that the employee's belief that his performance was satisfactory is never relevant. Billet concluded that the employee's assertions of his own good performance were insufficient to prevent summary judgment where the employer produced performance reviews and other documentary evidence of misconduct and insubordination that demonstrated poor performance.

In Sempier, we also ruled that where a plaintiff asserts not only that he/she has performed well but never received any unfavorable criticism regarding performance, a reasonable jury could conclude that an employer's failure point out inadequacies raises suspicions about any *post hoc* allegations of poor performance. Id.

In the present case, though, Bernhard had at least some indication that he was not satisfying the photojournalistic guidelines propounded by Huston. App. 145. Unlike Sempier, where the employer failed to make specific allegations about the employee's poor performance, here, Nexstar had made specific allegations of problems with Bernhard's job performance. Thus, we are not persuaded by Bernhard's argument that his own allegations are sufficient evidence of pretext under Sempier to defeat Nexstar's Motion for Summary Judgment.

Bernhard also attempts to argue that the Declaration of Phil Hayes, Bernhard's employer after he left WJET-TV, serves as evidence of pretext. Hayes describes Bernhard's technical skills as "impeccable" and calls Bernhard "a very strong news photographer." App. 223. The District Court thought Hayes' Declaration was irrelevant. We agree, as it is merely an opinion based primarily on Bernhard's work performance at

WICU-TV *after* he was terminated from his employment at WJET-TV. App. 15. Bernhard argues that Hayes had known Bernhard since he arrived in the Erie market, when Bernhard was employed at WJET-TV. App. 223. Yet Hayes' assessment of Bernhard's skills is prefaced with the following statement: "In the time that I have worked with Mr. Bernhard, I have observed his work and can make the following statements: . . ." App. 223. Hayes' observations are therefore based on Bernhard's work after WJET-TV. That is not at issue in this case. Similarly, the District Court was correct in stating that the Declaration of Julie Eisenmann, a co-worker of Bernhard's at WICU-TV, was also irrelevant.

     Finally, Bernhard maintains that Nexstar's proffered reasons for termination are unworthy of credence because Nexstar's reasons for terminating him were not grounded in objective evidence of his shortcomings as a photojournalist. Nexstar specifically alleged that Bernhard often used "jump cuts," failed to check the black-white balance of his camera, and failed to use a tripod where appropriate. App. 123. Bernhard points out that Nexstar did not offer any footage to buttress these assertions. Unfortunately, Nexstar does not index its videotapes by photojournalist, nor does it save tapes of poor quality. Therefore, neither Nexstar nor Bernhard could produce objective evidence of the quality of Bernhard's work at WJET-TV. The absence of the objective proof is therefore of little, if any, probative value. Nevertheless, Bernhard had the burden of proof. As Nexstar points out, he did not provide any evidence of commendations, awards, or pay

raises that could have rebutted Nexstar's assertions about his abilities.

### III.

For the foregoing reasons, we will affirm the order of the District Court granting summary judgment in favor of Nexstar.